IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| INTERSTATE CONTRACTING CORPORATION | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-98-CV-2913-M |
| CITY OF DALLAS | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant City of Dallas has submitted a bill of costs in the amount of $21,245.77 as the prevailing party in this civil action.[1]  Plaintiff Interstate Contracting Corporation asks the court to deny the cost bill as untimely or, in the alternative, to tax costs only in the amount of $3,466.34.  For the reasons stated herein, plaintiff's objections are sustained in part and overruled in part.

I.

Plaintiff sued defendant to recover extra costs incurred due to unanticipated soil conditions and delays encountered in a construction project undertaken for the City of Dallas.  After an 11-day trial, a jury found that defendant breached its contract with plaintiff and awarded more than $3 million in damages.  The district court entered a judgment on the verdict.  On appeal, the Fifth Circuit reversed and rendered a take-nothing judgment in favor of defendant.  *Interstate Contracting Corp. v. City of Dallas*, 407 F.3d 708 (5th Cir. 2005).  The judgment, which was docketed by the district clerk on June 27, 2005, provides, *inter alia*, that "plaintiff-appellee pay to defendant-appellant the costs on appeal to be taxed by the Clerk of this Court."  Fifteen days later, on July 12, 2005, defendant filed its bill of costs.

---

[1] This sum includes $701.85 in costs taxed on appeal.  Plaintiff does not contest these appellate costs.

II.

A prevailing party is entitled to recover its costs "unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). Taxable costs include: (1) fees paid to the clerk and marshal; (2) court reporter fees for all or part of a deposition transcript; (3) witness fees and related expenses; (4) printing costs; and (5) fees for copies of papers necessarily obtained for use in the case. *See* 28 U.S.C. §§ 1821 & 1920. A district court may decline to award statutory court costs, but may not award costs omitted from the statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 1303 (1994). The party seeking reimbursement bears the burden of proving the amount and necessity of its costs. *See Communications Workers of America v. Ector County Hospital District*, 241 F.Supp.2d 617, 637 (W.D. Tex. 2002), *aff'd*, 392 F.3d 733 (5th Cir. 2004).

A.

Plaintiff initially argues that the cost bill is untimely under Local Rule 54.1. This rule provides:

> A party awarded costs by final judgment or by judgment that a presiding judge directs be entered as final under Fed. R. Civ. P. 54(b) must apply to the clerk for taxation of such costs by filing a bill of costs in a form approved by the clerk. Unless otherwise provided by statute or by order of the presiding judge, the bill of costs must be filed with the clerk and served on any party entitled to such service no later than 14 days after the clerk enters the judgment on the docket.

LCivR 54.1, *reprinted in* Texas Rules of Court: Federal at 248 (West Pamp. Supp. 2005). By its terms, Local Rule 54.1 applies only when a party is awarded costs by final judgment. Here, there is no judgment awarding taxable court costs to defendant.[2] Therefore, the local rule is not

---

[2] The judgment issued by the Fifth Circuit directs the clerk of that court to tax "costs on appeal."

applicable. Because the federal rules of civil procedure do not impose a time limit for filing a bill of costs, "the determination of whether the taxation of costs in a particular case is time-barred lies entirely within the discretion of the trial court." *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, No. 3-88-CV-1963-P, 1995 WL 813691 at *2 (N.D. Tex. Oct 17, 1995), *citing J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 102 F.R.D. 73, 77 (E.D. La. 1984), *aff'd in part, rev'd in part on other grounds*, 760 F.2d 613 (5th Cir. 1985). Defendant filed its cost bill just 15 days after the judgment of the court of appeals was docketed by the district clerk. This delay is not unreasonable under the circumstances. *Id.* (one-month delay between appellate decision and filing bill of costs not unreasonable).

B.

Defendant has submitted a cost bill the amount of $21,245.77. Of this sum, plaintiff objects to: (1) $8,923.50 in court reporter fees for the trial transcript; (2) $3,698.29 for deposition transcripts; (3) $960.00 for witness fees and related expenses; (4) $2,684.51 for copying and printing costs; and (5) $885.00 for travel and lodging expenses of an expert witness. The court will address these disputed cost items in turn.

1.

The cost of the trial transcript is taxable in district court "if needed to determine the appeal." FED. R. APP. P. 39(e)(2); *see also* 28 U.S.C. § 1920(2). Here, plaintiff objects to the transcription of the entire 11-day trial, including opening statements and closing arguments, because "very little of the trial testimony was even cited or relied upon by the City in its appeal to the Fifth Circuit, and the opening statements and closing arguments were certainly not referred to." (Jt. Stat. Rep. at 6, ¶ IV(A)). The court disagrees. As part of its appeal, defendant challenged the sufficiency of the evidence to support the verdict. The failure to present the entire record would have jeopardized this

point of error. *See Coats*, 5 F.3d at 890 (party waived challenge to sufficiency of the evidence by failing to include trial transcript in the appellate record); *Fisher v. Krajewski,* 873 F.2d 1057, 1068 (7th Cir. 1989), *cert. denied*, 110 S.Ct. 719 (1990). However, defendant has failed to demonstrate a need for transcribing closing arguments and the jury verdict. These costs total $291.00. Nor is defendant entitled to recover $1,726.50 for an additional copy of the transcript. *See Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir.1991) (multiple copies of transcript not recoverable). Therefore, defendant may recover $6,906.00 for the trial transcript.

2.

Next, defendant seeks $6,357.78 for the depositions of 10 witnesses. A prevailing party is entitled to recover the costs of taking, transcribing, and reproducing depositions that are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see also Coats*, 5 F.3d at 891. Costs associated with a deposition taken primarily for discovery or investigative purposes are not recoverable. *Fogleman*, 920 F.2d at 285; *Card v. State Farm Fire and Casualty Co.*, 126 F.R.D. 658, 661-62 (N.D. Miss. 1989), *aff'd*, 902 F.2d 957 (5th Cir. 1990). However, costs should not be disallowed merely because the deposition was not ultimately used at trial or in connection with a dispositive motion. Such costs are taxable if the deposition appeared reasonably necessary at the time it was taken. *See Hartnett v. Chase Bank of Texas National Ass'n.*, No. 3-98-CV-1061-L, 1999 WL 977757 at *3 (N.D. Tex. Oct. 26, 1999) (Kaplan, J.), *citing* 10 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2676 at 424 (3d ed.1998).

Judged against this standard, the court determines that defendant is entitled to recover $609.30 for taking, transcribing, and reproducing the deposition of Keith DeBault, the president and sole shareholder of Mine Services, Inc., a subcontractor hired by plaintiff and the principal complainant in this case. *See Tittle v. Raines*, No. 3-99-CV-0478-L, 2002 WL 31757623 at *2 (N.D.

Tex. Dec. 3, 2002) (Kaplan, J.) (reasonable for defendant to depose plaintiff in a lawsuit). The court reaches a different conclusion with respect to $3,053.99 for copies of the depositions of Linda Thornburgh, Derel Rakestraw, Donna Long, Gary Lewis, Walker Skipwith, and Michael Bily. All these witnesses were either experts or employees of defendant. As such, copies of their depositions were not "necessarily obtained for use in the case." *See Liberty Mutual Insurance Co. v. Gardere & Wynne*, No. 3-95-CV-1330-L, 2004 WL 691229 at *1 (N.D. Tex. Mar. 29, 2004) ("While the deposition [of a party's own witness] may be helpful to a party's counsel in preparation of the witness's anticipated trial testimony, such is more for the convenience of counsel rather than a cost which is reasonably necessary.").

Nor is defendant entitled to recover $20.00 in delivery fees and $15.00 for indices and condensed transcripts of DeBault's deposition. None of these incidental expenses are authorized by statute. *See, e.g. Bank One Texas, N.A. v. Apex Energy, LLC*, No. 3-00-CV-2160-M, 2002 WL 22055 at *2 n.3 (N.D. Tex. Jan. 4, 2002) (Kaplan, J.) (cost of "tabs" and other copying services not taxable); *Harris Corp. v. Sanyo North America Corp.*, No. 3-98-CV-2712-M, 2002 WL 356755 at *3 (N.D. Tex. Mar. 4, 2002) (Kaplan, J.) (delivery charges and other costs incurred for convenience of counsel not taxable). Defendant may recover $3,268.79 in deposition costs.[3]

3.

Defendant also seeks $960.00 in witness fees and related expenses.[4] A prevailing party is entitled to recover witness fees in the amount of $40.00 per day of testimony. *See* 28 U.S.C. §§ 1821(b) & 1920(3); *Keeton v. Wal-Mart Stores, Inc.*, 21 F.Supp.2d 653, 662 (E.D. Tex. 1998). This

---

[3] This sum represents $609.30 for the deposition of Keith DeBault and the cost of three depositions not challenged by plaintiff: (1) $1,277.54 for the deposition of Jerry Taylor; (2) $476.77 for the deposition of Paul Roach; and (3) $905.18 for the deposition of Fariborz Fakheri. (*See* Jt. Stat. Rep. at 10, ¶ V(A)).

[4] Defendant originally requested witness fees totaling $1,080.00. However, after the bill of costs was filed, defendant withdrew its request for fees attributable to Paul Roach and Tim Schmidt. (*See* Jt. Stat. Rep. at 14, ¶ VI(B)).

includes each day the witness was "in necessary attendance on the court, in readiness to testify." *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales*, 729 F.2d 1530, 1552 (5th Cir. 1984), *quoting Hurtado v. United States*, 410 U.S. 578, 584, 93 S.Ct. 1157, 1161, 35 L.Ed.2d 508 (1973). Plaintiff objects that none of the witnesses who testified on behalf of defendant were subpoenaed to appear at trial or for deposition. However, the statute governing the payment of witness fees applies to *all* witnesses. *See* 28 U.S.C. § 1821(b). There is no requirement that the witness be subpoenaed. *See Movitz v. First National Bank of Chicago*, 982 F.Supp. 571, 576 (N.D. Ill. 1997). Nor is it necessary that the prevailing party actually pay the witness fee in order to recover such costs. The same is true for mileage and subsistence expenses. *See, e.g. Vincennes Steel Corp. v. Miller*, 94 F.2d 347, 349 (5th Cir. 1938). Although plaintiff alleges that it paid fees to certain witnesses at the time their depositions were taken, there is no evidence of any such payments by plaintiff. *See Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (non-prevailing party bears burden of overcoming presumption that prevailing party is entitled to costs). Therefore, defendant may recover witness fees and related expenses as follows:

| | | |
|---|---|---|
| 1. | Jerry Taylor | $200.00 |
| 2. | Fariborz Fakeri | $160.00 |
| 3. | Gary Lewis | $ 80.00 |
| 4. | Kenneth Munson | $ 40.00 |
| 5. | Michael Bily | $120.00 |
| 6. | Derel Rakestraw | $120.00 |
| 7. | Walter Skipworth | $ 80.00 |
| 8. | Linda Thornburgh | $120.00 |

|   |   |   |   |
|---|---|---|---|
| 9. | Donna Long |   | $ 40.00 |
|   | **Total:** |   | **$960.00** |

4.

Defendant seeks $2,684.51 for copies of documents used in the litigation.[5] Such costs are recoverable upon proof of necessity. 28 U.S.C. § 1920(4); *see also Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994); *Owens v. Excel Management Service, Inc.*, No. 3-02-CV-0835-L, 2004 WL 576091 at *1 (N.D. Tex. Mar. 16, 2004) (Kaplan, J.). The prevailing party need not "identify every xerox copy made for use in the course of legal proceedings." *Fogleman*, 920 F.2d at 286. However, it must demonstrate some nexus between the costs incurred and the litigation. *Id.* Charges for multiple copies of documents, attorney correspondence, and other such items are not taxable as costs. *Id.*

Plaintiff objects that defendant has failed to "categorize the photocopies so that the Court [can] decipher which ones were necessary and which were not." (Jt. Stat. Rep. at 14, ¶ VII(A)). The court disagrees. It is readily apparent that the documents covered by this reimbursement request fall into one of the following categories: (1) $296.40 for copies of documents necessary to satisfy filing and service requirements; (2) $541.61 for copies of documents furnished by defendant to its experts; (3) $886.79 for copies of documents produced to plaintiff by defendant; (4) $880.23 for copies of documents produced to defendant by plaintiff; and (5) $134.45 for copies of documents produced to defendant by third-parties. (*See* Jt. Stat. Rep. App., Exh. A at 4-5). Defendant is entitled to recover the cost of copying documents filed with the court, produced to plaintiff during discovery, and furnished to its own experts. *See, e.g. Waggoner v. Trans Union, LLC,* No. 3-02-CV-1494-G,

---

[5] Defendant originally requested copying charges in the amount of "at least" $3,192.64, but later revised its request by deleting the sum of $508.13 for copying exhibits. (*See* Jt. Stat. Rep. at 14, ¶ VII(A)).

2003 WL 22838718 at *4 (N.D. Tex., Nov. 24, 2003) (costs for copies of papers filed with the court and papers provided to opposing party during discovery are taxable); *United States v. McLendon*, No. 3-97-CV-0613-G, 1999 WL 977752 at *2 n.2 (N.D. Tex. Oct. 26, 1999) (Kaplan, J.) (same as to copies of documents provided to prevailing party's expert).  However, the costs of copying documents produced to defendant by other parties were incurred for the convenience of counsel and, therefore, are not taxable.  *See McLendon*, 1999 WL 977752 at *2.

Nor is defendant entitled to recover $99.22 for copies of videotapes introduced into evidence at trial.  The statute authorizing the taxation of costs for copies applies only to "*papers* necessarily obtained for use in the case."  28 U.S.C. § 1920(4) (emphasis added).  "Copies of papers" means reproductions of paper in its various forms.  *See Arcadian Fertilizer, L.P. v. MPW Industrial Services, Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001); *Interstate Contracting Corp. v. City of Dallas*, No. 3-98-CV-2913, 2002 WL 236676 at *4 (N.D. Tex. Jan 31, 2002).  Because videotapes are not susceptible to this characterization and no other statute permits the taxation of costs for this type of demonstrative exhibit, this item is disallowed.  *Interstate Contracting,* 2002 WL 236676 at *4.  The court reaches the same conclusion with respect to $1,735.66 sought by defendant for binders, tabs, Bates labeling, oversized copies, delivery charges, and other incidental expenses.  *See, e.g. Apex Energy*, 2002 WL 22055 at *2 n.3 (cost of "tabs" not taxable); *Harris,* 2002 WL 356755 at *3 (delivery charges not taxable); *Nelson v. Sisters of Charity of the Incarnate Word*, 967 F.Supp. 929, 933 (S.D. Tex. 1997) (fees for enlarged photocopies not taxable).  Accordingly, defendant may recover $977.87 for copies of documents.

5.

Finally, defendant seeks $775.00 in travel expenses and $110.00 in lodging expenses for Michael Bily, a retained expert who traveled to Dallas from Illinois for his deposition and to testify

at trial. These travel expenses are manifestly reasonable and the lodging expenses are well-below the maximum per diem rate allowed by the federal government. *See* 28 U.S.C. § 1821(c)(1) (witness shall be paid actual travel expenses) & (d)(2) (subsistence allowance for witness shall not exceed maximum per diem allowance prescribed by GSA for federal employees).[6] That Bily appeared voluntarily is of no consequence. *See West Wind Africa Line, Ltd. v. Corpus Christi Marine Services Co.,* 834 F.2d 1232, 1237 (5th Cir. 1988) (authorizing recovery of travel and subsistence expenses for two out-of-state experts who voluntarily traveled to forum for their depositions). Defendant may recover $885.00 in travel and lodging expenses incurred by Bily.

## CONCLUSION

Plaintiff's objections to defendant's bill of costs are sustained in part and overruled in part. The court overrules plaintiff's objection that the cost bill is untimely. Subject to that objection, plaintiff does not object to the taxation of: (1) $105.00 for fees paid to the district clerk; (2) $2,659.49 for the depositions of Jerry Taylor, Paul Roach, and Fariborz Fakheri; and (3) $701.85 in costs taxed on appeal. The court determines that defendant is entitled to: (1) $6,906.00 for the trial transcript; (2) $609.30 for the deposition of Keith DeBault; (3) $960.00 in witness fees and related expenses; (4) $977.87 for copies of papers necessarily obtained for use in the case; and (5) $885.00 for travel and lodging expenses incurred by Michael Bily. Accordingly, the clerk shall tax costs against plaintiff in the amount of $13,804.51.

SO ORDERED.

---

[6] The maximum per diem allowance for government travel to Dallas, Texas is $135.00 per day. (*See* Jt. Stat. Rep. App., Exh. 27).

DATED:  October 7, 2005.

                                                      JEFF KAPLAN
                                                      UNITED STATES MAGISTRATE JUDGE